LITTLE, APPELLANT, *v.* FITTRO, APPELLEE

(No. 485—Decided April 12, 1943.)

*Mr. Clifford F. Brown,* for appellant.
*Mr. Earl S. Miller,* for appellee.

CARPENTER, J. Plaintiff sold to defendant various articles of personal property, used by him in a roadside restaurant operated in connection with an oil and gas station, for $1,200 of which $900 was paid in cash and $300 by note secured by a mortgage on the articles sold, which included a bottle cooler, a fuel gas tank and four electric lighting fixtures. On the note, $125 was paid, and in this action judgment for the balance, $175, and foreclosure of the mortgage were sought.

Defendant admitted execution and delivery of the note and that $175 of it was unpaid. By cross-petition, he alleged that plaintiff fraudulently represented that he had a clear title to all of the articles sold, including those above described, and that defendant later learned that the bottle cooler was encumbered by a valid mortgage on which $192 was unpaid, and the gas tank and fixtures were not owned by plaintiff at all, and by reason thereof he was damaged in the sum of $500 for which he asked judgment. The answer to the cross-petition denies that plaintiff made such representations.

On the trial it was stipulated that the bottle cooler

was mortgaged as alleged and that the other two items were not owned by plaintiff.

The verdict on the cross-petition was for the defendant for $500, and the court, deducting the $175 balance unpaid on the note, entered judgment for $325.

This appeal on questions of law was taken by plaintiff. The errors assigned largely relate to rejection of evidence offered by plaintiff and the charge of the court, both of which related to the question of fraudulent intent in the mind of the plaintiff when he sold the articles in question. The court was correct in its rulings in both respects. Much of the tendered evidence consisted of self-serving declarations of the plaintiff made by or to him in the absence of the defendant. All was objectionable for the reason that if the plaintiff represented he owned the property, or even sold it without such representation, his intent was immaterial; even if he thought he did own it and it turned out that he did not, he was liable to the buyer for the damage resulting which, in this case, was the value of the goods. Section 8393, General Code, sets forth the implied warranties in a sale "unless a contrary intention appears." These include "a right to sell" by the seller, to "quiet possession of the goods as against any lawful claims existing at the time of the sale," and "that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person, not declared or known to the buyer * * *."

That plaintiff sold to defendant the gas tank and lighting fixtures, seems practically undisputed. There was a conflict in the evidence whether the bottle cooler was sold subject to the mortgage. On this question and on the value of the items as measuring damages, there is ample evidence to sustain the verdict and the judgment which is accordingly affirmed.

*Judgment affirmed.*

LLOYD and STUART, JJ., concur.